14-633
*Aggrees v. Lynch*

BIA
Videla, IJ
A088 996 328
A089 253 990

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of August, two thousand fifteen.

PRESENT:
> RALPH K. WINTER,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
>     *Circuit Judges.*

_____

AGGREES, NIKO,
>          *Petitioners,*

           v.                                          14-633
                                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>          *Respondent.*

_____

**FOR PETITIONERS:**      Joseph C. Hohenstein, Orlow, Kaplan
                          & Hohenstein, LLP, Philadelphia,
                          Pennsylvania.

**FOR RESPONDENT:**     Joyce R. Branda, Acting Assistant Attorney General; Margaret Kuehne Taylor, Senior Litigation Counsel; Kate D. Balaban, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Aggrees and Niko, natives and citizens of Indonesia, seek review of a December 27, 2013, decision of the BIA affirming a March 8, 2012, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Aggrees and Niko,* Nos. A088 996 328/089 253 990 (B.I.A. Dec. 27, 2013), *aff'g* Nos. A088 996 328/089 253 990 (Immig. Ct. N.Y. City Mar. 8, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.

2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An applicant may be eligible for asylum either due to past persecution or a well-founded fear of future persecution. 8 U.S.C. § 1158(b)(1)(A)-(B); 8 C.F.R. § 1208.13(b). Because Niko does not challenge the agency's denial of asylum or assert past persecution, we address past persecution only as to Aggrees. We find no error in the agency's conclusion that she failed to establish harm constituting persecution. Persecution is harm that occurs on account of a protected ground, in this case, ethnicity or religion, *see* 8 U.S.C. § 1158(b)(1)(B)(i), and that rises above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).

The agency reasonably concluded that the two most serious allegations of harm did not constitute persecution. As the IJ found, there is no evidence, direct or circumstantial, linking Aggrees's sexual assault or kidnapping to her ethnicity or religion. Her argument that the credibility finding mandates that the agency credit her

3

belief that the incidents were ethnically motivated is misplaced. Credible testimony alone is enough to satisfy a burden of proof only if it "is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee," i.e., that the harm was on account of a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i)-(ii). Here, there is no testimony or evidence linking these incidents to a protected ground.

As the agency found, there was some evidence to link the remaining allegations to a protected ground (one robbery occurred near a church and, in another, perpetrators said "Chinese, Chinese"), but, even cumulatively, the incidents did not rise to the level of persecution. *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (Persecution is an "extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks and citation omitted)). Here, there was no physical harm, only a few instances in which Agrees was touched and one in which she was threatened. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 821-22 (2d Cir. 2011) (finding no error in conclusion that beating by authorities outside

4

of detention context with only minor injury did not rise to level of persecution); *see also In re A-M-*, 23 I. & N. Dec. 737, 740 (BIA 2005) (looting of applicant's store in 1998 riots and harassment and extortion by Indonesian children when applicant was a child did not amount to persecution). Contrary to Aggrees's argument, the agency was not required to credit the sexual assault and kidnapping in its consideration of cumulative harm because those incidents had no nexus to a protected ground. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141-42 (2d Cir. 2007).

Both Aggrees and Niko assert eligibility for asylum or withholding of removal based on a pattern or practice of persecution of ethnic Chinese or Christians in Indonesia. Absent past persecution, there is no presumption of a well-founded fear of persecution (asylum) or a likelihood of persecution (withholding of removal). 8 C.F.R. §§ 1208.13(b), 1208.16(b)(2)(i). Accordingly, to demonstrate eligibility for asylum or withholding of removal, Aggrees and Niko had to show persecution that would be "systemic, pervasive, or organized," and that the Indonesian government would be unable or unwilling to control. *Mufied v. Mukasey*,

5

508 F.3d 88, 92-93 (2d Cir. 2007) (internal quotation marks and citation omitted); *see also* 8 C.F.R. §§ 1208.13(b)(2)(iii), 1208.16(b)(2)(i).

In addressing this issue, petitioners cite to persuasive authority from other circuits about conditions in Indonesia, but do not contrast the evidence presented in those cases to the record in this one or cite any of the country conditions evidence to explain how it showed a pattern or practice of persecution. We find that the agency's denial of the pattern or practice claim is supported by the record.

The IJ reviewed the current State Department reports which showed discrimination of religious groups and isolated incidents of violence against churches, theology schools, or clergy, but also noted that there were 27 million Catholics or Christians living in Indonesia. A 2009 State Department Issue Paper further undermined the claim; it reported that the Indonesian government increased prosecution of those responsible for religious violence, and stated that "there has been a dramatic drop in Christian-Muslim violence." The Petitioners claim of a pattern of persecution of ethnic

6

Chinese was even less convincing. The State Department reported only that ethnic Chinese suffered discrimination.

Aggrees and Niko's remaining evidence was inapposite, relating mainly to bombings of hotels, not targeting of Christians or ethnic Chinese. Based on this evidence, the agency did not err in finding that Aggrees and Niko failed to establish a pattern or practice of persecution. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (denying pattern or practice claim based on similar evidence and taking "judicial notice of the fact that Indonesia is a nation state consisting of approximately 6000 inhabited islands and that, in many places, Roman Catholicism is predominant."). The agency was entitled to give more weight to the State Department reports--which showed improving conditions, discrimination (not persecution) of ethnic Chinese, and only isolated incidents of violence against Christians--particularly where, as here, the other evidence predated those reports. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 166 (2d Cir. 2008) (agency should consider most recent State Department reports); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (holding

7

that weight to place on reports is within agency's discretion); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding agency can rely on State Department reports so long as it does not ignore "contradictory evidence").

Finally, the BIA did not abuse its discretion in declining to remand for consideration of additional evidence. The evidence presented on appeal was not new or previously unavailable. *Singh v. U.S. Dep't of Justice*, 461 F.3d 290, 297 (2d Cir. 2006); *see also* 8 C.F.R. § 1003.2(c)(1).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stays of removal that the Court previously granted in this petition are VACATED, and any pending motions for stays of removal in this petition are DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8